**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ANNA YVETTE MOORE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00914-HEA |
| | ) | |
| LAKEVIEW LOAN SERVICING, | ) | |
| LLC, | ) | |
| et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>OPINION, MEMORANDUM AND ORDER</u>

Before the Court are self-represented Plaintiffs Anna Yvette Moore and Ricardo Orlandis Elliott's motion for temporary restraining order, Doc. 7, and applications to proceed in district court without prepaying fees and costs, Docs. 2 and 3. Because Plaintiffs have not alleged specific facts clearly showing they would suffer immediate and irreparable injury in the absence of a temporary restraining order, their motion will be denied. Additionally, Plaintiffs have not provided sufficient information to proceed without paying the filing fee, and their applications will be denied without prejudice.

## I.    Motion for Temporary Restraining Order

On June 9, 2026, Plaintiffs filed this quiet title action alleging Defendants JLB Corporation, d/b/a Golden Oak Lending, and Flagstar Bank fraudulently obtained a loan on Plaintiff Moore's real estate located at 5039 Gerritt Avenue, St. Louis,

Missouri 63116.  On July 1, 2026, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction, seeking an order enjoining Defendants from proceeding with a foreclosure sale and eviction.

Under Federal Rule of Civil Procedure 65(b)(1), a court may issue a temporary restraining order without notice to the adverse party only if (A) "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (B) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1).  Plaintiffs do not sufficiently alleged the "immediate and irreparable" injury they will suffer absent an injunction issued before hearing from Defendants.  *Id.*  From their allegations, accompanying exhibits, and the docket in Defendant Lakeview Loan Servicing, LLC's foreclosure action against Moore, *Lakeview Loan Servicing, LLC v. Moore*, No. 2422-CC11332 (22nd Jud. Cir. Apr. 2, 2026), it appears the property that is the subject of this action was sold at a sheriff's sale on March 26, 2026.  *See Lakeview Loan Servicing, LLC v. Moore*, No. 2422-CC11332, Aff. of Pub., Apr. 2, 2026.  As the property has already been sold at auction, it does not appear that Plaintiffs are under threat of immediate and irreparable loss.  Also, the record does not reflect that Plaintiffs have given any Defendants notice of their motion for temporary restraining order, and they have not explained why such notice should not be required.  Thus, Plaintiffs have not

supported their request for a temporary restraining order or complied with the procedural requirements of Federal Rule 65. The Court will deny their motion.

## II. Applications to Proceed in District Court Without Prepaying Fees and Costs

Plaintiffs have each filed applications to proceed in district court without prepaying fees and costs. Docs. 2 and 3. Both applications are signed with Plaintiffs' names and the notation "authorized representative." It is unclear who has signed these documents, and therefore the applications will be denied without prejudice. Federal Rule of Civil Procedure 11 requires "[e]very pleading, written motion, and other paper [to] be signed . . . *by a party personally* if the party is unrepresented." Fed. R. Civ. P. 11(a) (emphasis added). Likewise, Local Rule 2.11 explains that documents "must be physically signed" if endorsed by someone "other than an attorney of record." E.D. Mo. Local R. 2.11. If Plaintiffs seek to proceed without paying fees and costs, they must personally sign their applications, and not use an authorized representative.

Additionally, Plaintiffs' applications do not provide sufficient information about Plaintiffs' finances for the Court to determine their in forma pauperis status. Plaintiff Moore states she receives income from a business, profession, or other self-employment, but she has not described the "source of money" or stated "the amount that [she] received and what [she] expects to receive in the future" as required by the form. *See* Doc. 2 at 1. And both Plaintiffs have left blank question six, which seeks

information regarding their monthly expenses.  Because their applications are incomplete and the Court cannot determine their ability to pay the $405 filing fee, the Court will deny without prejudice Plaintiffs' applications.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for temporary restraining order is **DENIED**.  Doc. 7.

**IT IS FURTHER ORDERED** that Plaintiffs' applications to proceed in district court without prepaying fees and costs are **DENIED** without prejudice. Docs. 2 and 3.

**IT IS FURTHER ORDERED** that if Plaintiffs seek to proceed in this action, **within 21 days of the date of this Order**, they shall either (1) pay the $405 filing fee, or (2) file completed and personally signed applications to proceed in district court without prepaying fees and costs in accordance with this Order.

**IT IS FURTHER ORDERED** that if Plaintiffs fail to comply with this Order, the Court will dismiss this action without prejudice and without further notice to Plaintiffs.

Dated this 8th day of July, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

- 4 -